UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                              Criminal Case No. 13-20440
                                                Civil Case No. 16-12414

Desmond Johnson, D-2,

                                                Sean F. Cox
    Defendant/Petitioner.               United States District Court Judge

_____/

**OPINION & ORDER DENYING
MOTION UNDER 28 U.S.C. § 2255**

This matter is currently before the Court on Defendant/Petitioner Desmond Johnson's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner bases his motion on *Johnson v. United States,* 135 S.Ct. 2551 (2015), wherein the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Government has responded in opposition to the motion. Petitioner did not file a reply and the time permitted for doing so, which was extended by the Court, has passed. The motion is now ripe for a decision by the Court. For the reasons set forth below, the Court shall DENY the motion.

## BACKGROUND

In Criminal Case Number 16-12414, Petitioner pleaded guilty to two counts of interference with commerce by threats of violence, in violation of 18 U.S.C. § 1951 (Counts 1 and 3 of the Amended Indictment), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 4). (*See* 2/3/14 Judgment, Docket Entry No. 38). This Court sentenced Petitioner to 51 months of imprisonment on each of Counts 1 and

3, to run concurrently, and to 81 months of imprisonment on Count 4, to run consecutively to sentence imposed on Counts 1 and 3.

Petitioner did not file a direct appeal.

Acting *pro se*, on June 22, 2016, Petitioner filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255.  (Docket Entry No. 40).

The Government filed a brief in opposition to the motion on September 23, 2016. Although the Court granted Petitioner's request for an extension of time to file a reply brief, that extension has passed and Petitioner did not file a reply brief.

**ANALYSIS**

In responding to Petitioner's § 2255 Motion, the Government asserts that the motion must be denied for several reasons.  First, the Government asserts that the motion is untimely. The Government also asserts that the motion fails on the merits.

As a threshold matter, the Court agrees with the Government that Petitioner's § 2255 motion is untimely.

A one-year statute of limitations applies to petitions under § 2255.  28 U.S.C. § 2255. That one-year period begins to run from the latest of several events, the relevant one here being "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).  A conviction becomes final upon the conclusion of direct review.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).  Where, as here, "a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even no notice of appeal was filed."  *Id.* at 427.  However, in cases where "excusable neglect or good cause" is shown, the

district court may extend the appeal time an additional thirty days. *Id.*

Even if the Court were to give Petitioner an additional thirty days, however, his motion would still be untimely. Petitioner was sentenced on February 3, 2014 and he did not appeal within the 14-day period provided under Fed. R. App. P. 4(b)(1)(A). With an additional thirty days, Petitioner's conviction would have become final on March 19, 2014. Petitioner then would have had one year from that date, or until March 20, 2015, to file his motion. But Petitioner did not file his motion until June 22, 2016.

Moreover, as the Government explains in its response, *Johnson* is not retroactive on collateral review in cases involving 18 U.S.C. § 924(c) convictions:

> While 18 U.S.C. § 2255 does provide a separate one-year statute of limitations to file a motion that runs from "the date on which the right asserted was initially recognized by the Supreme Court," that provision also requires the right to be "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).
> Although the Supreme Court has made *Johnson* retroactive to Armed Career Criminal Act (18 U.S.C. § 924(e)) claims on collateral review, *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), it has not applied *Johnson* to the sentencing guidelines or 18 U.S.C. § 924(c), much less made it retroactive on collateral review. Accordingly, *Johnson* is not retroactive on collateral review in cases involving 18 U.S.C. § 924(c) convictions, and does not excuse the defendant's untimely 18 U.S.C. § 2255 petition here.

(Govt.'s Br. at 4).

In addition, even if Petitioner's § 2255 Motion has been timely filed, it also fails on the merits. In *Johnson v. United States*, the Supreme Court invalidated the ACCA residual clause for being unconstitutionally vague. In his motion, Petitioner relies on *Johnson*, and appears to claim that the residual clause under § 924(c)(3)(B) is also vague and constitutional. That argument, however, has already been rejected by the Sixth Circuit and district courts within it. *See, e.g., United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's

"argument that *Johnson* effectively invalidated § 924(c)(3)(B)"); *Moore v. United States*, 2017 WL 68494 (N.D. Ohio 2017) (same).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's motion under 28 U.S.C. § 2255 is DENIED.

This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In addition, this Court DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY under 28 U.S.C. § 2253(c).

IT IS SO ORDERED.


Dated: March 24, 2017                    s/Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Judge


I hereby certify that on March 24, 2017, the foregoing document was served on counsel of record via electronic means and upon Desmond Johnson via First Class mail at the address below:

Desmond Deshon Johnson 48610039
BIG SANDY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

                                         s/J. McCoy
                                         Case Manager